Strafford
No. 81-255

THOMAS J. MURPHY, JR., & a.

v.

McQUADE REALTY, INC.

April 2, 1982

*Findell, Marsh & Keener*, of Rochester (*Allan W. Keener* on the brief and orally), for the plaintiffs.

*Gregoire, Calivas, Newman, Morrison & Gray*, of Dover (*Douglas C. Gray* on the brief and orally), for the defendant.

KING, C.J.  This is an interlocutory appeal arising out of a real estate transaction which occurred on September 1, 1978. The defendant, McQuade Realty, Inc., by Paul R. McQuade, its president, conveyed to the plaintiffs, Thomas J. Murphy, Jr., and Eileen Murphy, the land and buildings located at 90 Stark Street in Dover, New Hampshire, for a purchase price of $80,000. The plaintiffs executed a promissory note for $80,000 and a first mortgage to McQuade Realty, Inc.

At the time of the conveyance, the property was used as a four-apartment building. The zoning laws for the area where the property was located permitted two-family dwellings, but did not permit four-apartment dwellings. A variance to expand the use of the building to four apartments was granted by the City of Dover's Zoning Board of Adjustment to McQuade Realty, Inc., on August 19, 1976. The variance, however, was held to be improperly granted in *Fisher v. City of Dover*, 120 N.H. 187, 191, 412 A.2d 1024, 1029 (1980), and a cease-and-desist order was issued against the Murphys on August 7, 1980. On November 10, 1980, the Murphys requested a second variance. The request was denied on November 20, 1980, and that denial has been appealed to the superior court.

On February 4, 1981, the plaintiffs brought a bill in equity for rescission of the real estate conveyance. Claiming that the defendant had intentionally failed to advise the plaintiffs of the pending appeal in *Fisher* regarding the validity of the original variance, the plaintiffs requested that the note between the parties be cancelled, and that McQuade Realty, Inc., or Paul R. McQuade be required to pay as damages the difference between the outstanding balance of the note and the fair market value which the land and

buildings would have had if the Murphys had been able to maintain four apartments.

The plaintiffs' last payment on the promissory note was in January 1981. On February 20, 1981, and on April 17, 1981, McQuade Realty, Inc., commenced two foreclosure proceedings against the Murphys. On April 1, 1981, and on May 4, 1981, the plaintiffs filed petitions for temporary injunctions to prevent the foreclosure sale until the bill in equity for rescission, which was pending in superior court, was decided on the merits. The defendant responded by filing motions to dismiss the requests for injunctions.

On May 26, 1981, a hearing was held in Superior Court (*Goode*, J.) on the petitions for injunctions. The trial court denied the defendant's motions to dismiss and granted the plaintiffs' petitions for injunctions, thereby enjoining McQuade Realty, Inc., from foreclosing on the property. The defendant appeals from the trial court's decision to grant injunctive relief, and the following two questions are raised in the appeal: (1) whether injunctive relief was necessary to protect the plaintiffs from irreparable harm and (2) whether evidence outside the four corners of the note and mortgage documents can be admitted in determining equitable issues.

We will not reach the second question because the issue and underlying facts are not properly before the court. The question should be decided by the trial court when the bill in equity for rescission is heard on the merits.

■■  The issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy. *Timberlane Regional School Dist. v. Timberlane Regional Educ. Ass'n*, 114 N.H. 245, 250, 317 A.2d 555, 558 (1974). An injunction should not issue unless there is an immediate danger of irreparable harm to the party seeking injunctive relief, and there is no adequate remedy at law. *Id.*, 317 A.2d at 558; *see Meredith Hardware, Inc. v. Belknap Realty Trust*, 117 N.H. 22, 26, 369 A.2d 204, 207 (1977). *See also Citizens for Responsible Area Growth v. Adams*, 477 F. Supp. 994, 1006 (D.N.H. 1979); *Keep Thomson Governor Committee v. Citizens for Gallen Com.*, 457 F. Supp. 957, 959 (D.N.H. 1978).

■  Although the plaintiffs might suffer irreparable harm if the foreclosure sale takes place before the bill in equity is heard on the merits, less restrictive alternatives to protect the plaintiffs' interest should have been explored before granting the injunctions.

At this time we are obviously unaware of what may be submitted at a trial on the merits, and the scope of review on an interlocutory appeal is necessarily narrow. The record from the hearing

on the petitions for injunctions, however, indicates certain facts that might be helpful in determining whether injunctive relief was necessary. The plaintiffs alleged that they had expended $21,261.42 on capital improvements. Additionally, the plaintiffs contended that as a result of the zoning restriction, the market value of the property has decreased from $153,360 to $121,320, and the rental income from the property has decreased from $2,130 per month to $1,658 per month. The record does not indicate that any rents have been placed in escrow pending the result of the trial on the merits. Furthermore, the plaintiffs have not been required to file a bond to guarantee payment of any damages that may be assessed against them.

Because the plaintiffs have sought rescission of the property conveyance and only monetary damages against the defendant, there was no necessity for a temporary injunction. Other alternatives, such as a lien against the property or a bond posted by the defendant, were available to protect the interests of the plaintiffs. *Cf.* Superior Court Rules 161 and 163. On the record before us, we cannot say as a matter of law that the trial court abused its discretion in issuing the injunctions, *see Vigitron, Inc. v. Ferguson*, 120 N.H. 626, 632–33, 419 A.2d 1115, 1119 (1980), because the granting of injunctive relief was one method of protecting the plaintiffs' interests. However, we caution the trial courts not to resort to injunctions too quickly without considering less restrictive alternatives. A hearing on the merits of the plaintiffs' bill in equity should be expeditiously set in the trial court to prevent further inequities to either party. If a trial on the merits is not set down for hearing within three months of the date of this decree, the injunctions are to be vacated.

*Remanded.*

All concurred.