801 F.2d 627
 Walter WOE, by his mother and guardian, Wilma WOE, on behalf
of themselves and all others similarly situated,
Plaintiffs-Appellees,
v.
Mario CUOMO, individually and as Governor of the State of
New York; Dr. Steven Katz, M.D., individually and as
Commissioner of the Department of Mental Hygiene of the
State of New York; Dr. E. Richard Feinberg, M.D.,
individually and as Director of Bronx Psychiatric Center;
Dr. Ordogan Tekben, M.D., individually and as Director of
Mid-Hudson Psychiatric Center, Defendants- Appellants.
 No. 172, Docket 86-7563.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 28, 1986.
Decided Sept. 29, 1986.
 
 Arnold D. Fleischer, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of N.Y.) for defendants-appellants.
 Morton Birnbaum, Brooklyn (Burton Zuckerman, New York City, of counsel), for plaintiffs-appellees.
 Before CARDAMONE, PIERCE, and ALTIMARI, Circuit Judges.
 ALTIMARI, Circuit Judge:
 
 
 1
 This appeal follows this court's decision in Woe v. Cuomo, 729 F.2d 96 (2d Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 339, 83 L.Ed.2d 274 (1984), familiarity with which is assumed. In that decision, we affirmed the district court's dismissal of plaintiffs' state law and equal protection objections to the adequacy of care at certain mental health facilities, and reversed and remanded to afford plaintiffs an opportunity to document the due process defects alleged in their complaint.
 
 
 2
 On remand, the district court conducted hearings over a four-month period ending in August, 1985, during which plaintiffs presented evidence concerning the adequacy of care at Mid-Hudson Psychiatric Center ("Mid-Hudson") and Bronx Psychiatric Center ("BPC") in support of their motion for preliminary injunctive relief. On July 1, 1986, the district court issued its decision, finding "that the quality of care at the Bronx [Psychiatric Center] fell below constitutionally adequate standards" largely as a result of "chronic and persistent overcrowding." The court enjoined defendants from admitting additional patients to BPC and directed that the injunction be categorized as permanent rather than preliminary because "to continue to characterize these proceedings as an application for a preliminary injunction misperceives the record and the nature of the Court of Appeals remand."
 
 
 3
 As to Mid-Hudson, the district court found the record to be "unenlightening" on the question of whether defendants provided adequate treatment and, accordingly, denied plaintiffs' application for injunctive relief. The district court also recertified the original class and divided that class "into subclasses consisting of all persons between the ages of 21 and 65 who are or who will be involuntarily civilly committed to a named New York State mental [i]nstitution."
 
 
 4
 Appellants now seek review of that portion of the district court's order that relates to BPC. In particular, appellants contend that the district court (1) erred by granting appellees permanent injunctive relief without advising appellants that a final disposition on the merits was at issue; (2) abused its discretion by finding the quality of care at BPC to be constitutionally substandard; (3) abused its discretion by enjoining appellants from admitting further patients to BPC; and (4) exceeded the scope of this court's remand by certifying overinclusive subclasses.
 
 DISCUSSION
 
 5
 1. Appropriateness of the district court's issuance of a permanent injunction
 
 
 6
 As stated above, the district court in its decision of July 1, 1986, converted appellees' application for a preliminary injunction into a permanent disposition on the merits. Rejecting appellants' "erroneous assumption" regarding the nature of the extensive 1985 hearings, the district court indicated that it "did not take evidence and require the production of witnesses in order to hold the trial on the merits at some future date."
 
 
 7
 Federal Rule of Civil Procedure 65(a)(2) provides:
 
 
 8
 Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.
 
 
 9
 Fed.R.Civ.P. 65(a)(2). Courts may consolidate a trial on the merits with a hearing on a motion for preliminary injunctive relief only after "the parties ... receive clear and unambiguous notice [of the court's intent to do so] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." Pughsley v. 3750 Lake Shore Drive Cooperative Bldg., 463 F.2d 1055, 1057 (7th Cir.1972), quoted in University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); see Wohlfahrt v. Memorial Medical Center, 658 F.2d 416, 418 (5th Cir.1981); Commodity Futures Trading Commission v. Board of Trade, 657 F.2d 124, 126-27 (7th Cir.1981); Gellman v. State of Maryland, 538 F.2d 603, 604-05 (4th Cir.1976); Santiago v. Corporacion de Renovacion Urbana, Etc., 453 F.2d 794, 797-98 (1st Cir.1972).
 
 
 10
 The record clearly indicates that appellants' counsel functioned throughout the hearing under the belief that only a motion for temporary relief and not the merits of the claim was at issue. See Joint App. 107-10, 112, 128, 129, 133, 142, 145, 147-48, 272, 322, 398-400, 422, 425, 448, 450, 623, 660, 731, 745, 752-53, 794, 807, 814. While appellees put on an extensive case in their favor, consisting of six witnesses and numerous exhibits, appellants presented no evidence apart from that obtained during cross-examination.
 
 
 11
 Neither the district court's oblique references during the hearing to the dispositive nature of the proceedings, see Joint App. 119-20 ("Now, I don't want to waste time. What I want to do is finally close this case.... Once and for all, at least at this level."), nor the request for permanent relief in appellees' post-hearing memorandum constitute timely, "clear and unambiguous notice." Pughsley, 463 F.2d at 1057.
 
 
 12
 The district court acted prematurely when it granted permanent relief based upon what it viewed as "undisputed evidence" without notifying appellants of its intent to do so. The giving of formal notice ensures both that a party may avail himself of every opportunity to present evidence pertinent to his position and that all genuine issues of fact are before the court. Accordingly, although preliminary injunctive relief may have been proper, the district court acted prematurely when it purported to make that relief permanent. See Capital City Gas Co. v. Phillips Petroleum Co., 373 F.2d 128, 131 (2d Cir.1967) (vacating permanent injunction issued without notice of consolidation). We, therefore, remand the case for the purpose of affording appellants a fair opportunity to present evidence at the trial in chief concerning the constitutionality of the quality of care offered at BPC. This court leaves it to the discretion of the district court to determine whether and to what extent it is necessary for appellees to present again evidence already a part of the record. Fed.R.Civ.P. 65(a)(2).
 
 
 13
 2. Appropriateness of preliminary injunctive relief
 
 
 14
 A party seeking a preliminary injunction in this circuit has the burden of proving " '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.' " Bell & Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir.1983) (quoting Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979) (per curiam)).
 
 
 15
 The record on appeal, particularly the district court's order granting permanent injunctive relief, contains sufficient evidence to support issuance of a preliminary injunction. Appellees examined as witnesses three of the defendants: Dr. Steven Katz, Dr. E. Richard Feinberg, and Dr. Ordogan Tekben, as well as experts in the mental health field: Dr. Stephen Rachlin, a former staff psychiatrist and chief at BPC and presently chairman of the Department of Psychology and Psychiatry at Nassau County Medical Center; Dr. Henry Pinsker, associate director of psychiatry at Beth Israel Medical Center; and Charles Pope, program specialist with the Division of Health Standards and Quality of Health Care Financing Administration.
 
 
 16
 The district court methodically reviewed the following exhibits documenting the substandard conditions at BPC: reports for May 1984 and February 1985 issued by the New York State Commission on the Quality of Care for the Mentally Disabled, Department of Health and Human Services reports based on surveys done in December 1984 and July 1985, and the decisions of the Joint Commission of Accreditation of Hospitals. These reports detail the extensive and sundry deficiencies at BPC which include fire safety violations, overcrowding, vermin infestation, improper food storage, and inadequate patient treatment.
 
 
 17
 Based on this evidence, the district court did not abuse its discretion in finding that "the quality of care at the Bronx fell below constitutionally adequate standards" and that "[t]he deficiencies noted in the living conditions and therapeutic environment (including medical care) are by-products of chronic and persistent overcrowding." The district court did err, however, in not affording appellants a sufficient opportunity to present alternatives to the court's extraordinary relief. Although the district court reviewed Exhibit 19, which sets forth appellants' proposals for easing crowding and correcting deficiencies, it failed to conduct an inquiry commensurate with the public interest at stake.
 
 
 18
 In sum, this court accepts the district court's preliminary findings that the state clearly has foresaken its obligations as parens patriae, and has been less than forthright in proposing and carrying out corrective programs. The unfortunate plaintiffs, who are burdened by a severe, legally recognized disability and who are most in need of humane treatment, apparently suffer in inhumane and scandalous conditions. Corrective action is imperative. Accordingly, we direct that the district court's order be left in force as a preliminary injunction. Enforcement of the preliminary injunction, however, is hereby stayed pending remand to the district court for an expedited supplemental hearing concerning (1) the potential implications of preliminary injunctive relief to the community and to the patient population in nearby facilities, and (2) the availability of alternatives to extraordinary relief such as an acceptable corrective program.[1] We leave it to the sound discretion of the district court to determine whether the expedited supplemental hearing may, upon clear and unambiguous notice to the parties, be consolidated with the trial in chief in accordance with Rule 65.
 
 3. Subclass Certification
 
 19
 This court earlier directed the district court to certify "subclasses ... as appropriate to press the outstanding claims we have identified." Woe v. Cuomo, 729 F.2d at 107.
 
 
 20
 The district court recertified the original class consisting of all persons between the ages of 21 and 65 who are or will be involuntarily civilly committed to New York State mental institutions, and then divided it into subclasses consisting of "all persons between the ages of 21 and 65 who are or who will be involuntarily civilly committed to a named New York State mental [i]nstitution."
 
 
 21
 Appellants object to the district court's division of the original class into subclasses, finding them too broad. We disagree. While somewhat ambiguous, the district court's classification appears to divide the class into subclasses for each institution named at any given time as a defendant in this action. See id., at 108 (noting that the roster of defendants changes each time a state psychiatric facility loses or gains accreditation). Given the unusual nature of this case, we decline to hold that the subclasses certified by the district court failed to comport with this court's directions on remand.
 
 
 
 [1]
 As per this court's request during oral argument, appellants submitted information concerning BPC's budget for the fiscal year 1986-87 and the affect that these appropriations will have on BPC's ability to improve conditions at its facility. See Letter dated September 5, 1986, Howard L. Zwickel, Ass't Att'y Gen.; Affidavit of Robert T. Hettenbach, Acting Executive Director of BPC dated July 8, 1986. In reaching this decision, this court has not considered the submitted material, adjudging it more appropriate to leave to the district court the review, if necessary, of this material on remand