Rockingham
No. 97-133

KENNETH C. SPENGLER & a.

v.

WALTER AND BONNIE PORTER

September 2, 1999

*Tober Law Offices, P.A.*, of Portsmouth (*Heidi E. Shealy* on the brief and orally), for the plaintiffs.

*Holland, Donovan, Beckett & Hermans, P.A.*, of Exeter (*Stephen G. Hermans* on the brief and orally), for the defendants.

THAYER, J. The plaintiffs, eight property owners whose properties abut property of the defendants, Walter and Bonnie Porter, appeal a Superior Court (*Coffey*, J.) order dismissing their petition for declaratory judgment and injunctive relief. We affirm.

The plaintiffs' petition alleged the following facts. In 1991, the defendants constructed an airstrip on their property which is

located in the town of Brentwood (town). After obtaining Federal Aviation Administration approval, the defendants used the airstrip without objection from the town until July 1992. A July 12, 1992, airplane crash prompted several residents to complain to the Brentwood Board of Selectmen. The selectmen ordered the defendants to stop using their property for aircraft takeoffs and landings because such use was not permitted in a residential/agricultural district under the town's zoning ordinance.

The defendants complied with the order while supporting efforts to amend the zoning ordinance. After the town's voters twice declined to amend the ordinance, the defendants petitioned the State legislature. The legislature amended the land use statute. Laws 1996, 218:1. As amended the statute provides: "Unless specifically proscribed by local land use regulation, aircraft take offs and landings on private land by the owner of such land or by a person who resides on such land shall be considered a valid and permitted accessory use." RSA 674:16, V (Supp. 1998). Asserting that the zoning ordinance did not "specifically proscribe" their use of the landing strip, the defendants resumed takeoffs and landings.

After unsuccessfully petitioning the selectmen to issue a cease and desist order, the plaintiffs brought a petition for declaratory judgment and injunctive relief, alleging that the town's zoning ordinance specifically proscribes aircraft takeoffs and landings on private land because the zoning ordinance is permissive and the town's voters defeated amendments that would have permitted takeoffs and landings. Alternatively, the plaintiffs alleged that RSA 674:16, V is unconstitutional. Following a temporary hearing, the superior court dismissed the plaintiffs' petition as requested by the defendants in their answer. The plaintiffs' motion for reconsideration and clarification was denied.

■ On appeal, the plaintiffs first argue that they were denied due process of law under the State and Federal Constitutions when the trial court dismissed their petition following a preliminary hearing for injunctive relief. The defendants assert, however, that this issue is not properly preserved for appeal because it was not raised in the plaintiffs' motion for reconsideration. We agree. The plaintiffs' motion for reconsideration pointed to several alleged errors. The only statement that can be reasonably interpreted as pertaining to the propriety of the court's dismissal is: "Plaintiffs assume that only their request for temporary relief was denied since a final evidentiary hearing has not been held." Because this statement did not properly notify the trial court of any alleged constitutional error,

the issue may not be raised here. *See Perron v. City of Somersworth*, 131 N.H. 303, 305, 553 A.2d 283, 284 (1988).

The plaintiffs next argue that the trial court erred in dismissing their petition. Accepting the plaintiffs' allegations as true, we will reverse the dismissal if those allegations are susceptible of a construction that would permit recovery and, therefore, constitute a basis for relief. *Miami Subs Corp. v. Murray Family Trust and Kenneth Dash Partnership*, 142 N.H. 501, 516, 703 A.2d 1366, 1375 (1997).

█ The plaintiffs allege that the wording of the zoning ordinance, coupled with the defeat of the proposed zoning amendments permitting aircraft takeoffs and landings, evidence the town's specific prohibition of aircraft takeoffs and landings. We begin by examining the interplay between RSA 674:16, V and the zoning ordinance. The interpretation of both the statute and the zoning ordinance is a question of law. *Pheasant Lane Realty Trust v. City of Nashua*, 143 N.H. 140, 142, 720 A.2d 73, 75 (1998) (interpreting statute); *Tausanovitch v. Town of Lyme*, 143 N.H. 144, 147, 722 A.2d 914, 916 (1998) (interpreting zoning ordinance). We construe the words and phrases used according to their common approved usage. *Tausanovitch*, 143 N.H. at 147, 722 A.2d at 916.

RSA 674:16, V provides:

> In its exercise of the powers granted under this subdivision, the local legislative body ... may regulate and control accessory uses on private land. Unless *specifically proscribed* by local land use regulation, aircraft take offs and landings on private land by the owner of such land or by a person who resides on such land shall be considered a valid and permitted accessory use.

(Emphasis added.) Thus, the statute clearly states that aircraft takeoffs and landings on private land are valid ·and permitted accessory uses unless specifically proscribed by local ordinance.

█ The plaintiffs argue that unless the use of an airstrip for takeoffs and landings is listed in the relevant zoning ordinance, such use is specifically proscribed because the ordinance states, "No other uses than those specified here will be permitted." BRENTWOOD, N.H., ZONING ORDINANCE art. 3, § 2(4) (1993). The plaintiffs' argument, however, is inconsistent with the common usage of the word "specifically." "Specifically" is defined as "with exactness and precision." WEBSTER'S THIRD NEW INTERNA-

TIONAL DICTIONARY 2187 (unabridged ed. 1961). Because the ordinance does not specifically refer to aircraft takeoffs and landings, but generally proscribes all uses not listed, the defendants' use of their property for aircraft takeoffs and landings under RSA 674:16, V is a valid and permitted accessory use. The plaintiffs' reliance upon the two defeated amendments that would have explicitly permitted aircraft takeoffs and landings is misplaced because legislative history will not be consulted when the language of the ordinance is plain. *See Brewster Academy v. Town of Wolfeboro*, 142 N.H. 382, 384, 701 A.2d 1240, 1241 (1997). Therefore, the trial court properly determined that the ordinance and RSA 674:16, V cannot be reasonably construed so as to provide a legal basis for relief.

The plaintiffs next argue essentially that RSA 674:16, V as applied to them is unconstitutional because it: (1) bears no substantial relationship to any legitimate public purpose; (2) arbitrarily, unlawfully, and unreasonably restricts and deprives them of the reasonable use of their properties; and (3) constitutes an impermissible taking prohibited by the Fifth and Fourteenth Amendments to the Federal Constitution and by Part I, Articles 2 and 12 of the State Constitution. As part of its inquiry when deciding whether dismissal is proper, the trial court is required to test the facts in the petition against the applicable law. *Ronayne v. State*, 137 N.H. 281, 283, 632 A.2d 1210, 1211 (1993). "Although factual allegations are assumed to be true, a court need not accept statements in the complaint which are merely conclusions of law." *Id.* (quotation omitted). The plaintiffs fail to point to any factual allegations that would support their conclusions.

■ The right to use and enjoy one's property is a fundamental right protected by both the State and Federal Constitutions. N.H. CONST. pt. I, arts. 2, 12; U.S. CONST. amends. V, XIV; *Buskey v. Town of Hanover*, 133 N.H. 318, 322, 577 A.2d 406, 409 (1990). "A 'taking' of property occurs if the application of a zoning ordinance to a particular parcel denies the owner an economically viable use of his or her land." *Buskey*, 133 N.H. at 322, 577 A.2d at 409. In their petition, the plaintiffs made no allegations regarding the economically viable use of their property. The petition simply states: "Plaintiff[s'] right to use and enjoy their property has been severely limited by the landing and takeoffs of defendants' aircraft on defendants' property [because] Plaintiffs are [now] unable to feel secure on their property." Because the plaintiffs made no factual allegations that would allow the court to conclude that RSA 674:16,

V, as applied to plaintiffs' property, effected a taking, the trial court properly determined that the State and Federal Constitutions cannot be reasonably construed so as to provide a legal basis for relief.

The plaintiffs further allege that RSA 674:16, V is unconstitutional because it constitutes special legislation for the benefit of the defendants. The plaintiffs do not suggest, however, that RSA 674:16, V permits the defendants to use their property for aircraft takeoffs and landings while prohibiting other similarly situated property owners from doing so. *Cf. State v. Griffin*, 69 N.H. 1, 29-30, 39 A. 260, 263-64 (1896) (holding statute makes no discrimination even though some individuals may directly enjoy benefits while others are directly burdened). Because the plaintiffs have made no factual allegations that would allow the court to conclude that RSA 674:16, V discriminates in favor of the defendants, the trial court properly determined that the State and Federal Constitutions cannot be reasonably construed so as to provide a legal basis for relief.

Finally, the plaintiffs argue in their brief that the trial court abused its discretion by failing to address their allegations that numerous misrepresentations made to legislators prior to passage of RSA 674:16, V render it unconstitutional. While the plaintiffs do assert misrepresentations were made to legislators, the plaintiffs' petition does not provide any legal theory to support the relief sought. Accordingly, the trial court properly dismissed their petition.

We find the plaintiffs' remaining arguments to be without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

BRODERICK, J., did not sit; BROCK, C.J., dissented; the others concurred.

BROCK, C.J., dissenting: The majority concludes that the plaintiffs failed to preserve their challenge to the trial court's decision to rule on the merits of their petition after only a preliminary hearing. Because I believe that the plaintiffs did preserve this issue, and because I view the trial court's action as an egregious denial of the plaintiffs' rights to notice and a fair hearing, I respectfully dissent.

It is axiomatic that due process guarantees "the right to be heard at a meaningful time and in a meaningful manner." *Bragg v. Director, N.H. Div. of Motor Vehicles*, 141 N.H. 677, 679, 690 A.2d 571, 573 (1997) (quotation omitted). Consistent with this guarantee,

"fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits." *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 913 (1st Cir. 1989) (quotation omitted). Because preliminary injunctions serve only to preserve the status quo until a trial on the merits is held, "a preliminary injunction is customarily granted on the basis .of procedures that are less formal and evidence that is less complete than in a trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, "it is generally inappropriate for a [trial] court at the preliminary-injunction stage to give a final judgment on the merits." *Id.*

Superior Court Rule 161(b)(2) empowers the trial court, in an appropriate case, to decide the case on the merits at the preliminary injunction phase. That rule states: "Before, or after, the commencement of the hearing of an application for a preliminary injunction, the Court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application." SUPER. CT. R. 161(b)(2). Federal courts that have construed the identical federal rule have concluded that the trial court must give "clear and unambiguous notice" of its intent to consolidate the proceedings "either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Woe by Woe v. Cuomo*, 801 F.2d 627, 629 (2d Cir. 1986) (quotation omitted). Such notice is demanded by due process, *see K-Mart Corp.*, 875 F.2d at 913, and implicit in the rule's use of the term "order," *see T.M.T. Trailer Ferry v. Union De Tronquistas, P.R., Loc. 901*, 453 F.2d 1171, 1172 (1st Cir. 1971); *Nationwide Amusements, Inc. v. Nattin*, 452 F.2d 651, 652 (4th Cir. 1971).

The trial court in this case notified the parties that it would conduct a hearing to consider the plaintiffs' request for a preliminary injunction at which the parties would be limited to offers of proof and fifteen minutes to present such offers. After the hearing, however, the trial court did not simply rule on the preliminary injunction, but denied the plaintiffs' petition on the *merits*. Although the majority characterizes the trial court's order as merely dismissing the petition for failure to allege facts sufficient to constitute cognizable claims, the conclusion is inescapable that the trial court denied the petition on the merits. The trial court did not, as suggested by the majority, dismiss the plaintiffs' taking claim "[b]ecause the plaintiffs made no factual allegations that would allow the court to conclude that RSA 674:16, V . . . effected a taking." Rather, the court found that the plaintiffs *"presented no evidence* which would allow the court to invalidate the statute under

the takings clause." (Emphasis added.) After determining that the plaintiffs failed to present sufficient evidence, the court ruled that their "Petition for Declaratory Judgment and Injunctive Relief is DENIED."

The record reveals that the trial court gave no indication that it would rule on the merits of the petition prior to issuing its order. Having received no notice that the court would consolidate the merits hearing with the temporary hearing, the plaintiffs were "effectively denied . . . any opportunity to develop [their] evidence and arguments for declaratory relief." *N.H. Right to Life Political Action Com. v. Gardner*, 99 F.3d 8, 16 (1st Cir. 1996). Even more egregious was the trial court's determination that the plaintiffs' substantive due process challenges to the statute were "without merit." Without providing any opportunity to present evidence on such claims, the trial court, citing *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993), simply declined to address them.

The majority concludes that the plaintiffs failed to preserve this issue because they did not notify the trial court of its error in their motion for reconsideration. I respectfully disagree. Not having received the notice that Superior Court Rule 161(b)(2) requires, the plaintiffs had no reason to anticipate that the trial court would deny their petition prior to a final hearing. Understandably surprised, the plaintiffs appropriately moved to clarify the court's order to reflect that only their request for injunctive relief was denied. *Cf. State v. Farnsworth*, 126 N.H. 656, 660-61, 497 A.2d 835, 837 (1985). Moreover, the plaintiffs asserted that they "assume[d] that only their request for temporary relief was denied since a final evidentiary hearing ha[d] not been held," and that they would present at a final hearing evidence on their taking claim that the court found to be absent at the temporary hearing.

Thus, the plaintiffs squarely raised, albeit unartfully, the propriety of denying the petition without a final hearing on the merits. Given the unique circumstances presented in this case, I would hold that this was sufficient to apprise the court of its constitutional error. *Cf. Appeal of SAU #16 Coop. Sch. Bd.*, 143 N.H. 97, 101, 719 A.2d 613, 616 (1998). To hold as the majority does essentially punishes the plaintiffs for appropriately moving to clarify the trial court's order and not preemptively accusing the court of constitutional error. Even if the motion to clarify was insufficient to raise constitutional error, however, it certainly was sufficient to raise the nonconstitutional dimensions of the plaintiffs' argument. *See, e.g., State v. Cole*, 142 N.H. 519, 521-22, 703 A.2d 658, 659-60 (1997). Failure to give notice that the trial court was consolidating the

temporary hearing with the final hearing violated not only due process but also Rule 161(b)(2). *Cf. T.M.T. Trailer Ferry*, 453 F.2d at 1172. Because the plaintiffs clearly put the trial court on notice that it was denying their petition without the benefit of a final hearing, I would hold that the plaintiffs preserved at least the Rule 161(b)(2) basis of their argument.

For the foregoing reasons, I would reach the merits of the plaintiffs' argument that the trial court improperly denied their petition without a final hearing, reverse the trial court's order, and remand for a hearing on the merits.