917 A.2d 1277 (2007)
NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES
v.
Richard A. MOTTOLO.
No. 2006-363.
Supreme Court of New Hampshire.
Argued: January 18, 2007.
Opinion Issued: March 6, 2007.
*1278 Kelly A. Ayotte, attorney general (Peter C.L. Roth, senior assistant attorney general, on the brief and orally), for the State.
Devine, Millimet & Branch, P.A., of Manchester (Peter G. Beeson and Daniel J. Callaghan on the brief, and Mr. Beeson orally), for the defendant.
GALWAY, J.
The defendant, Richard A. Mottolo, appeals an order of the Trial Court (Fitzgerald, J.) granting a preliminary and permanent injunction to the plaintiff, New Hampshire Department of Environmental Services (DES). We affirm in part, vacate in part and remand.
The record supports the following facts. Between 1975 and 1979, the defendant, as part of his chemical waste disposal business, improperly buried numerous barrels of waste on his 50-acre parcel in Raymond. In 1979, when it learned of the disposal site, DES began addressing the waste and the soil and groundwater contamination caused thereby. At some point, the United States Environmental Protection Agency (EPA) took primary responsibility for remediation of the waste at the site. Over approximately fifteen years, DES and EPA brought actions against the defendant, as well as K.J. *1279 Quinn & Company (Quinn) and the Lewis Chemical Company, the generators of the waste, to recover the costs of remediation. As a result of those suits, DES and EPA have obtained substantial liens on the defendant's parcel.
In 1996, the defendant filed for personal bankruptcy under Chapter 7 of the United States Bankruptcy Code. EPA and DES participated in the defendant's bankruptcy proceedings. In 1998, the defendant received a bankruptcy discharge. After discharge, the defendant remained the record owner of the property, which remained subject to the liens held by DES and EPA. From the time of the defendant's bankruptcy discharge to the present, DES has monitored the groundwater contamination and its attenuation at the site. The cost to DES for that monitoring has been reimbursed by EPA or by Quinn.
In July 2005, DES contacted the defendant and requested that he obtain a groundwater management permit for the property. See RSA 485-A:13 (2001); N.H. Admin. Rules, Env-Wm 1403.12. A groundwater management permit requires, among other things, a "legally responsible person," N.H. Admin. Rules, Env-Wm 1403.02(q), to monitor the groundwater quality in a specific area and to implement measures to restore the quality of any contaminated groundwater within that area. N.H. Admin. Rules, Env-Wm 1403.12(b). The defendant did not obtain, or attempt to obtain, a permit. Therefore, in December 2005, DES filed a petition for equitable relief and declaratory judgment and a motion for preliminary and permanent injunction, seeking an order requiring the defendant to obtain a permit.
A preliminary hearing on DES' motion was held in January 2006. The day before that hearing, the defendant filed an objection to DES' request for a preliminary injunction. At the hearing, the defendant argued that DES had not met its burden to obtain an injunction and that his bankruptcy discharge barred DES' action. Following a hearing, the trial court did not rule upon DES' request for a preliminary injunction, but did issue a structuring conference order fixing the dates for: (1) briefs on the bankruptcy issue; (2) the close of discovery; and (3) the filing of motions for summary judgment and responses thereto. Also, because the preliminary hearing was held before the defendant's answer to DES' petition was due, the defendant filed an answer after the hearing setting forth various defenses, including his bankruptcy discharge defense.
In February 2006, DES and the defendant filed various pleadings relative to the bankruptcy issue and to DES' request for preliminary injunctive relief. On March 16, 2006, approximately two weeks prior to the close of discovery, and before DES had responded to the defendant's discovery requests, the trial court issued an order which read, in its entirety:
Following hearing and submission of supplemental briefs, the court is persuaded by the logic and authorities cited by the State and finds that the respondent's bankruptcy discharge does not in any way affect his obligation to comply with the state's groundwater protection statutes and regulations. The State's request for a preliminary and permanent injunction is granted and the respondent is ordered to obtain and comply with a groundwater management permit as required by N.H.R.S.A. 485-A:13.
The court finds that the requirement that Petitioner show a threat of immediate irreparable harm is met by a showing that state statutes are not being complied with.
(Emphasis added.) The defendant moved for clarification, arguing that the only issue before the court had been DES' request *1280 for a preliminary injunction and asking whether DES would be required to comply with his discovery requests. At the same time, the defendant moved for reconsideration, arguing that DES had not met its burden to obtain an injunction and that the trial court had improperly consolidated DES' request for preliminary injunctive relief with a ruling on the merits. The trial court, without comment, denied both motions and this appeal followed.
On appeal, the defendant contends that the trial court erred by: (1) consolidating its decision on DES' request for a preliminary injunction with its decision on the merits; (2) ruling on the bankruptcy issue before discovery had been completed; and (3) granting an injunction when DES had not met its burden of proof to obtain one.
The defendant first contends that when the trial court consolidated its ruling on DES' request for preliminary relief with its ruling on the merits, it was required by the New Hampshire Constitution and Superior Court Rule 161(b) to notify the parties and provide them an opportunity to object to consolidation. Because it did not provide notice and an opportunity to object, the defendant contends the trial court erred in granting preliminary and permanent relief.
Superior Court Rule 161(b)(2) provides that before or after the commencement of a hearing on an application for a preliminary injunction, the court may order the trial of the action on the merits be consolidated with the hearing on the application. We have not squarely addressed the issue of what is required for a trial court to consolidate issues under Rule 161(b). In Spengler v. Porter, 144 N.H. 163, 164-65, 737 A.2d 1121 (1999), the plaintiffs made allegations substantially similar to those made by the defendant here. The majority held that the issue had not been preserved for appellate review. Chief Justice Brock dissented, however, and concluded that the issue had been preserved and that the plaintiffs' rights had been violated. Spengler, 144 N.H. at 167-70, 737 A.2d 1121 (Brock, C.J., dissenting). Here, the issue is properly before us, and we adopt Chief Justice Brock's analysis on the merits.
In Spengler, Chief Justice Brock noted that it is "axiomatic that due process guarantees the right to be heard at a meaningful time and in a meaningful manner." Id. at 167, 737 A.2d 1121 (Brock, C.J., dissenting) (quotation omitted). "Consistent with this guarantee, fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits." Id. at 167-68, 737 A.2d 1121 (Brock, C.J., dissenting) (quotation omitted). "Because preliminary injunctions serve only to preserve the status quo until a trial on the merits is held, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Id. at 168, 737 A.2d 1121 (Brock, C.J., dissenting) (quotation omitted). "Accordingly, it is generally inappropriate for a trial court at the preliminary-injunction stage to give a final judgment on the merits." Id. (Brock, C.J., dissenting) (quotation and brackets omitted).
Federal courts construing the identical federal rule, Fed.R.Civ.P. 65(a)(2), have concluded that "the trial court must give clear and unambiguous notice of its intent to consolidate the proceedings either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." Id. (Brock, C.J., dissenting); see also University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Such notice is demanded by due process, and is implicit in the rule's use of the term "order." Spengler, *1281 144 N.H. at 168, 737 A.2d 1121 (Brock, C.J., dissenting).
Here, the court held a preliminary hearing at which the parties were limited to offers of proof and given fifteen minutes to present those offers. Following the hearing, the trial court initially issued only a scheduling order. At no time prior to, during, or after the hearing did the trial court indicate that it intended to consolidate DES' request for a preliminary injunction with a ruling on the permanent injunction, the propriety of the defendant's bankruptcy discharge defense, or any of the other defenses raised by the defendant. In short, the trial court did not, at any time, "order" the consolidation of DES' request for a preliminary injunction with its claim for permanent injunctive relief. See T.M.T. Trailer Ferry v. Union De Tronquistas, P.R., Loc. 901, 453 F.2d 1171, 1172 (1st Cir.1971).
DES contends that the trial court's intent to consolidate was "implicit" at the time of the January 31, 2006 hearing, and, therefore, the defendant could not object to the trial court's order after the fact. We disagree. Rule 161(b) requires that the notice of consolidation be clear and unambiguous. Spengler, 144 N.H. at 168, 737 A.2d 1121 (Brock, C.J., dissenting). Notice that is "implicit" is not sufficient. Thus, the defendant was not provided the clear and unambiguous notice required by Rule 161(b). See id. at 169-70, 737 A.2d 1121 (Brock, C.J., dissenting).
Additionally, having received no notice that the court would consolidate the merits hearing with the temporary hearing, the defendant was effectively denied a full opportunity to develop his evidence and arguments against declaratory relief. See Spengler, 144 N.H. at 169, 737 A.2d 1121 (Brock, C.J., dissenting). Indeed, the trial court decided this case before the defendant had received discovery from DES. Therefore, we conclude that the lack of notice resulted in prejudice to the defendant. Cf. Vaqueria Tres Monjitas, Inc. v. LaBoy, 448 F.Supp.2d 340, 347 (D.P.R. 2006) (noting that the party contesting the entry of final judgment must show prejudice as well as surprise). Accordingly, we vacate the trial court's grant of permanent injunctive relief.
In addition to his arguments relative to consolidation, the defendant argues that the trial court's grant of preliminary relief was improper. Thus, we must determine whether, at the time it issued its order on injunctive relief, a preliminary injunction was proper. According to the defendant, DES did not meet its burden to obtain a preliminary injunction because it did not demonstrate the absence of an adequate alternative remedy at law and because it did not show an immediate irreparable harm. Also, the defendant contends that the trial court erred in its ruling on his bankruptcy discharge defense. Therefore, he also appears to challenge the conclusion that DES demonstrated a likelihood of success on the merits.
The issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy. Murphy v. McQuade Realty, Inc., 122 N.H. 314, 316, 444 A.2d 530 (1982). A preliminary injunction is a provisional remedy that preserves the status quo pending a final determination of the case on the merits. Kukene v. Genualdo, 145 N.H. 1, 4, 749 A.2d 309 (2000). An injunction should not issue unless there is an immediate danger of irreparable harm to the party seeking injunctive relief, and there is no adequate remedy at law. Murphy, 122 N.H. at 316, 444 A.2d 530. Also, a party seeking an injunction must show that it would likely succeed on the merits. Kukene, 145 N.H. at 4, 749 A.2d 309. It is within the trial court's sound discretion to grant an injunction after consideration of *1282 the facts and established principles of equity. Thompson v. N.H. Bd. of Medicine, 143 N.H. 107, 109, 719 A.2d 609 (1998). We will uphold the issuance of an injunction absent an error of law, an unsustainable exercise of discretion, or clearly erroneous findings of fact. Id.; see State v. Lambert, 147 N.H. 295, 296, 787 A.2d 175 (2001) (explaining "unsustainable exercise of discretion"). Finally, we note that without a sufficient record of the proceedings below, we assume that the evidence supports the result reached by the trial court, and our review is limited to legal errors apparent on the face of the record. Tiberghein v. B.R. Jones Roofing Co., 151 N.H. 391, 394, 856 A.2d 21 (2004).
We have not been provided with a transcript of the preliminary hearing before the trial court. Thus, we are constrained to review only the errors that may be apparent on the face of the record. On the record presented, we cannot say that the trial court erred in issuing a preliminary injunction in this case.
As to the element of an adequate, alternative remedy, the defendant contends that the trial court did not consider other potential remedies available to DES before entering the injunction. Specifically, the defendant argues that DES could have requested that Quinn, as another "legally responsible person," obtain a groundwater management permit. In response, DES contends that the existence of another party who might be required to obtain a groundwater management permit does not demonstrate the existence of an adequate alternative remedy at law. We agree with DES.
While the trial court made no findings or rulings directly on this issue, we nonetheless assume that the trial court made subsidiary findings sufficient to support its general finding that DES had met its burden. See Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586, 864 A.2d 1079 (2004). Despite the defendant's argument that DES could attempt to require a third party to obtain a groundwater management permit for the property, the trial court granted the injunction. Thus, it made the subsidiary determination that this potential remedy was not, in fact, adequate. We agree that requiring DES to resort to suits against another party, with other potential defenses to an injunction or the request that it obtain a permit, does not demonstrate the existence of an adequate, alternative remedy, and we conclude that the trial court's decision on this issue was within the bounds of its discretion.
Regarding irreparable harm, the trial court found that the defendant's non-compliance with state statutes was sufficient to demonstrate such a threat. The defendant argues that, even assuming statutory non-compliance is sufficient to constitute the requisite threat, DES did not meet its burden because groundwater monitoring has been and is being done at the site, and the cost of that monitoring has been borne by Quinn. Thus, according to the defendant, even if there is a statutory violation, there is no threat.
We have never addressed the issue of whether proof of statutory non-compliance is sufficient to demonstrate the harm necessary to support an injunction when an injunction is authorized by statute. However, "[a]t least with respect to some statutory injunction provisions, . . . courts have found that when Congress decides to make available the remedy of injunction for violations of a statute's substantive provisions, irreparable injury is presumed to flow from such violations." United States v. Massachusetts Water Resources Authority, 256 F.3d 36, 50 n. 15 (1st Cir. 2001); see also United States v. Barr Laboratories, Inc., 812 F.Supp. 458, 485 (D.N.J.1993). This is so because "[i]t is *1283 settled that where a statute designed to protect the public authorizes an injunction, considerations applicable to private actions such as irreparable injury and a balancing of the equities are not relevant." United States v. Kasz Enterprises, Inc., 855 F.Supp. 534, 543 (D.R.I.1994); see also Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 803 (3d Cir. 1989). Thus, in this context, "when seeking a preliminary injunction, the government need not show that irreparable injury will result in the absence of injunctive relief; such injury is to be presumed." Kasz Enterps., 855 F.Supp. at 543. "The requirements for statutory injunctive relief are met when . . . the government establishes that the defendants have violated the statute and there exists some cognizable danger of recurrent violations." Id. at 544 (quotation omitted).
Here, the statute at issue is undoubtedly one designed to protect the public. See RSA 485-A:1 ("The purpose of this chapter is to protect water supplies, to prevent pollution in the surface and groundwaters of the state and to prevent nuisances and potential health hazards."). Moreover, the statute authorizes the issuance of injunctions for violations of its requirements. See RSA 485-A: 13, II. Thus, we conclude that DES can meet its burden by showing a violation of the statute and some danger of recurrent violations. Here, it is not disputed that no "legally responsible person" has obtained a groundwater management permit for the defendant's property. Also, the defendant does not dispute that some party should hold a permit, but only the requirement that he obtain one. Finally, there is no evidence that any person or entity is in the process of obtaining a permit. Therefore, DES has established, at least for purposes of a preliminary injunction, violation of the statute because no party holds a required permit, and that there is some danger of a continuing violation. Because, in such an instance, injury may be presumed, DES has met its burden on this element. The fact that monitoring is being completed and paid for is insufficient to demonstrate error by the trial court.
Finally, as to the likelihood of success on the merits, the defendant contends that the trial court erred in determining that his bankruptcy discharge defense did not bar DES' action. DES counters that because its pleadings demonstrated that the bankruptcy discharge did not bar this action, it demonstrated a likelihood of success.
In its structuring conference order, the trial court set a deadline for filing memoranda on the bankruptcy issue. Prior to that deadline, DES submitted a detailed memorandum setting out its arguments against the defendant's bankruptcy defense. The defendant, in contrast, elected to file only scant pleadings on the issue and deferred full briefing on the matter. Prior to the trial court's ruling on injunctive relief, the defendant argued primarily that DES had not demonstrated the absence of an adequate, alternative remedy or the threat of irreparable harm. Thus, when ruling upon the request for preliminary injunctive relief, the trial court had before it DES' fully-developed arguments against the defendant's bankruptcy defense with virtually no response from the defendant. From these submissions, the trial court concluded that the defendant's bankruptcy discharge did not affect his obligation to comply with state permitting requirements. Having reviewed the record, we find no error in the trial court's determination that DES had shown a likelihood of success on the merits sufficient to sustain a preliminary injunction. We express no opinion, however, as to the ultimate merits of the bankruptcy issue.
In sum, we conclude that the trial court did not err in granting a preliminary injunction *1284 to DES, but that it did err in ruling on the permanent injunction without complying with the requirements of Rule 161(b). Therefore, we vacate the grant of the permanent injunction and remand to the trial court for further proceedings consistent with this opinion.
Affirmed in part; vacated in part; and remanded.
BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.