Hillsborough
No. 85-073

ROBERT C. PERRAS

v.

JOHN A. CLEMENTS, COMMISSIONER
NEW HAMPSHIRE DEPARTMENT OF PUBLIC
WORKS AND HIGHWAYS

January 6, 1986

*Cullity and Kelley*, of Manchester (*John C. Boeckeler* on the brief and orally), for the plaintiff.

*Stephen E. Merrill*, attorney general (*Peter C. Scott*, assistant attorney general, on the brief and orally), for the State.

*Craig, Wenners & McDowell P.A.*, of Manchester (*William H. Craig* and *James W. Craig* on the brief, and *James W. Craig* orally), for the Manchester Housing Authority, as *amicus curiae*.

JOHNSON, J. The plaintiff appeals from an order recommended by the Master (*Louie C. Elliott, Jr.*, Esq.), and approved by the Superior Court (*Wyman*, J.), in answer to a bill in equity requesting injunctive relief. The order denied the plaintiff a copy of an appraisal report prepared by the State in connection with condemnation proceedings involving the plaintiff's property located on Route 114-A in Goffstown. The order also denied him access to appraisal reports of other properties along Route 114-A which were still involved in litigation between the State and other property owners whose land was similarly being condemned for this highway project. However, the order allowed the plaintiff access to copies of the State's appraisal reports of properties for which the State had completed acquisition or condemnation proceedings. The plaintiff appealed the denial of access to appraisal reports for his own property and those properties along Route 114-A still involved in litigation. The State cross-appealed the granting of access to the appraisal reports for the properties which the State had already purchased

or for which it had completed condemnation proceedings. For the reasons set forth below, we affirm in part, reverse in part and remand.

In 1981, the Governor and Council appointed a commission to consider the improvement of Route 114-A in Goffstown. The result of the commission's study was the development of a construction project which included obtaining a right-of-way through sixteen properties along Route 114-A. The plaintiff owns Perras Auto Body, located on the south side of Route 114-A, which is part of the property to be taken for the project.

The New Hampshire Department of Public Works and Highways hired John M. Crafts, of Crafts Appraisal Associates, to perform the initial appraisals in accordance with RSA 498-A:4, I(a). Based on Crafts' reports, the State offered the plaintiff $5,400 for his property. The plaintiff was dissatisfied with this and requested a copy of the appraisal report for his property. The State refused the plaintiff's request. The plaintiff then sought injunctive relief pursuant to RSA 91-A:7 (Supp. 1983), seeking a court-ordered disclosure of the appraisal report of his property under the so-called right-to-know law. In addition, the plaintiff amended his petition and sought copies of all the appraisal reports prepared by the State for the affected properties along Route 114-A.

The court's order, issued after a hearing before the master, granted the plaintiff's request for copies of all the appraisal reports for parcels which the State had already purchased or had acquired through completed condemnation proceedings, subject to payment of reproduction costs. The order denied the plaintiff copies of the appraisal reports for his own property and those properties still in litigation. In addition, costs and reasonable attorney's fees were awarded to the plaintiff.

Both parties partially excepted to the ruling and moved to set aside that part of the decree which was unfavorable to them. Both motions were denied and an appeal and cross appeal followed.

The State concedes that appraisal reports in this case prepared by the New Hampshire Department of Public Works and Highways are public records and that the issue is whether these public records are exempt from disclosure. The master denied disclosure of the appraisal reports in pending litigation on the basis of RSA chapter 91-A. Although he looked to the subparagraph referring to executive sessions, RSA 91-A:3, II(d), for help in defining the terms of exemption in the statute, the appropriate section to use in this case is RSA 91-A:5, IV. The plaintiff asserts that all public records are reviewable except those exempted under RSA 91-A:3 and RSA 91-A:5. RSA 91-A:5, IV exempts from the provisions of the right-to-

know law, "confidential, . . . or financial information . . . and other files whose disclosure would constitute invasion of privacy." *Id.* Since the purpose of the right-to-know law is to insure the "greatest possible public access" to public records and information, the plaintiff argues, this court should construe the exemptions as restrictively as possible. *See Mans v. Lebanon School Bd.*, 112 N.H. 160, 290 A.2d 866 (1972). This case has been cited as well for the court's past practice of using a balancing test in "right-to-know" cases to determine whether the benefits of disclosure outweigh the benefits of nondisclosure. *Id.* at 162, 290 A.2d at 867. However, the important distinction in the *Mans* case is the availability of the records sought. Had the exemption been construed broadly, the information regarding teachers' salaries would not have been available to the plaintiff, Mans.

In the present case, however, the most relevant portion of the information sought by the plaintiff is available through the normal discovery process. The State, in its brief, asserted that the plaintiff wanted to avoid the normal discovery process. It also asserted that it would be willing to exchange appraisal reports with parties who have had experts prepare their own reports. However, the State is not willing to allow complete or unilateral access to the State's appraisal information regarding a particular highway project.

The plaintiff also argues that this case is analogous to *Menge v. Manchester*, 113 N.H. 533, 311 A.2d 116 (1973), where we allowed a researcher access to real estate tax assessment records in the city of Manchester. Assessment records, however, are less detailed and narrower in scope than the appraisal reports in question here. We find that there is a potential for invasion of privacy as well as the possible release of confidential security and trade information in this case, a condition not present in the *Menge* case. We conclude, applying the balancing test to this case, that there is less potential to benefit an individual property owner whose land is subject to condemnation, by allowing public access to the State's appraisal reports, than there is a potential to benefit the general public and the plaintiff by enforcing nondisclosure. *Mans, supra* at 162, 290 A.2d at 867. An appraisal report may contain information about income-producing property, security systems, or trade practice, which an individual property owner expects to be private or confidential. The possible benefit to another person involved in an eminent domain proceeding does not outweigh the potential harm to the property owner should such confidential information be made public.

The State is also involved in a bargaining process when offering compensation for "taking" property. According to the New Hampshire Constitution, part I, article 12, the property owner is entitled

to just compensation, but the disclosure of information regarding the range of offers of compensation available to the State would put the property owner in an unfair bargaining position. We do not believe that is the intent of the New Hampshire Constitution or of the right-to-know law. Thus, in this application of the balancing test, the benefits of nondisclosure are greater than the benefits of disclosure and we hold that the reports should not be disclosed in the manner which the plaintiff requested. However, the plaintiff is free to pursue disclosure through discovery or an exchange of reports with the State.

Based on the above reasoning, we affirm the portion of the order denying the plaintiff access to those reports of property owners, other than the plaintiff, still in the process of litigation and/or condemnation and reverse the portion of the order allowing the plaintiff access to the State's appraisal reports. As to the appraisal report or reports of the plaintiff, we remand for further proceedings not inconsistent with this opinion.

*Affirmed in part; reversed in part; remanded.*

All concurred.