Merrimack
No. 2006-020

ATV WATCH

v.

NEW HAMPSHIRE DEPARTMENT OF RESOURCES AND ECONOMIC
DEVELOPMENT

Argued: January 5, 2007
Opinion Issued: May 11, 2007

*Law Office of Joshua L. Gordon,* of Concord (*Joshua L. Gordon* on the brief and orally), for the petitioner.

*Kelly A. Ayotte,* attorney general (*Anne M. Edwards,* associate attorney general, on the brief and orally), for the State.

BRODERICK, C.J. The petitioner, ATV Watch (ATV), appeals an order of the Superior Court (*McGuire,* J.) dismissing its petition filed under the Right-to-Know Law, RSA chapter 91-A (2001 & Supp. 2006), and RSA chapter 215-A (2000 & Supp. 2006) against the respondent, the New Hampshire Department of Resources and Economic Development (DRED). ATV also requests an award of attorney's fees incurred on appeal. We affirm in part, vacate in part and remand. In addition, we deny ATV's request for attorney's fees.

I

The facts are drawn from the trial court's order or are otherwise evident in the record. ATV is a non-profit New Hampshire entity, which monitors the use and development of all terrain vehicle trails in New Hampshire. In late 2004, it filed a Right-to-Know request with DRED, the agency charged by statute with developing, managing and creating multipurpose recreational trails in New Hampshire, *see* RSA 215-A:2, :3. ATV primarily

sought information relating to DRED's intended purchase of a large tract of land in the Berlin area, as well as its plan to develop all terrain vehicle and other trails once the land was purchased. By letter dated December 1, 2004, DRED indicated its intent to comply with ATV's request but noted its need to consult with the Attorney General on matters of confidentiality. In January 2005, DRED provided ATV with certain information "approved for public release" and indicated its intent to withhold some documents whose content it generally described.

In the months that followed, ATV repeatedly inquired about the withheld information and made several more Right-to-Know requests. While DRED released further information, it continued to withhold multiple documents. Ultimately, ATV filed a petition in superior court alleging violations of the Right-to-Know Law, including delayed disclosure and unlawful retention of public documents. In addition to seeking an award of attorney's fees and costs, ATV also requested injunctive relief. The State acknowledged that some of its responses were "technically" untimely but averred that some delays were excusable and that it otherwise provided, within a reasonable time, all documents that were subject to disclosure. Further, it argued that it was authorized under *Perras v. Clements*, 127 N.H. 603 (1986), and statutory exemptions under RSA 91-A:5, to withhold certain documents relating to its then-pending purchase of the Berlin land, such as the property appraisal, until such time as the purchase was either consummated or terminated.

After conducting a hearing in March 2005, the trial court issued an order dismissing or denying several of ATV's prayers for relief, including its requests for injunctions, attorney's fees and costs. With respect to the withheld documents, the trial court ordered the parties to submit further briefing concerning the application of *Perras* and statutory exemptions under the Right-to-Know Law. The parties did so, and DRED ultimately disclosed the withheld documents. After conducting another hearing, the trial court dismissed, as moot, the remainder of ATV's petition and again declined to award attorney's fees and costs. ATV's motion for reconsideration was denied, and this appeal followed.

II

The documents requested in ATV's Right-to-Know petition can be placed into two categories. Category one encompasses the documents DRED considered public, yet disclosed in a delayed manner. *See* RSA 91-A:4, IV. Some of the category-one documents were disclosed before ATV filed its petition, but at least one was not. Category two incorporates the documents that DRED refused to disclose, relying upon various Right-to-Know Law exemptions, RSA 91-A:5, IV, VIII, IX, and our holding in

*Perras.* The parties agree that all of the documents ATV identified in its petition now have been released. This case is not moot, however, because if DRED violated the Right-to-Know Law, ATV may be entitled to a remedy under RSA 91-A:8. *See In re Juvenile 2005-212,* 154 N.H. 763, 765 (2007) (explaining that matter is moot when it no longer presents justiciable controversy).

This case remains justiciable only to the extent remedies remain available to ATV. Therefore, we first review ATV's arguments pertaining to the remedies it sought in its Right-to-Know petition. Resolution of this case requires us to interpret provisions of the Right-to-Know Law, RSA chapter 91-A, a question of law which we examine *de novo. See Hounsell v. N. Conway Water Precinct,* 154 N.H. 1, 3 (2006). When interpreting a statute, "[w]e first look to the plain meaning of the words used . . . and will consider legislative history only if the statutory language is ambiguous." *WMUR Channel Nine v. N.H. Dep't of Fish & Game,* 154 N.H. 46, 48 (2006). "We resolve questions regarding the Right-to-Know law with a view to providing the utmost information in order to best effectuate the statutory and constitutional objective of facilitating access to all public documents." *Id.* (brackets omitted).

The Right-to-Know Law, if violated, provides for three possible remedies: (1) an award of reasonable costs and attorney's fees, RSA 91-A:8, I; (2) an order voiding action taken by a public body or agency; RSA 91-A:8, II; and (3) an injunction, RSA 91-A:8, III. In its Right-to-Know petition, ATV sought an award of attorney's fees and costs, as well as injunctive relief. Thus, we restrict our review to those requests.

### III

We first turn to the trial court's denial of injunctive relief. ATV argues that the trial court erred in denying its request to compel DRED to maintain better documentation of pending land transactions in the future. It contends that the paucity of documentation available concerning the Berlin property, its purchase and funding and the intended location of all terrain vehicle trails demonstrates that DRED did not create or retain adequate documentation.

■■ "The issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy." *N.H. Dep't of Envtl. Servs. v. Mottolo,* 155 N.H. 57, 63 (2007). "An injunction should not issue unless there is an immediate danger of irreparable harm to the party seeking injunctive relief, . . . there is no adequate remedy at law . . . [and the] party seeking an injunction [is] likely [to] succeed on the merits." *Id.* The trial court retains the discretion to decide whether "to grant an

injunction after consideration of the facts and established principles of equity." *Id.*

■ ATV contends that the Right-to-Know Law does not require application of the traditional elements of an injunction. According to ATV, it proved that DRED violated the Right-to-Know Law and that such violation prejudiced its rights, which entitled it to injunctive relief under the statute. The statute provides that "the court *may* issue an order to enjoin future violations of this chapter." RSA 91-A:8, III (emphasis added). This language is permissive and thus, even assuming, without deciding, that the traditional elements for granting an injunction are not required, the trial court retains the discretion to determine whether such relief should be ordered in a particular case.

In its Right-to-Know petition, ATV requested that the trial court find that DRED maintained insufficient documentation to satisfy RSA 215-A:41, II(f); that under the same statute, "special circumstances exist concerning the release of information on development of ATV trails"; and that DRED had demonstrated a pattern of noncompliance with the Right-to-Know Law. It sought an order compelling DRED to maintain adequate documentation, release information, comply with the Right-to-Know Law and RSA 215-A:41, and not engage in future Right-to-Know Law violations.

■ With respect to ATV's injunction requests under RSA 215-A:41, II(f), that statute requires all State agencies involved in the development of a system of trails for all terrain vehicles and other recreational vehicles to "provide[] opportunities for public input in all decisions regarding development of new or significantly revised trail systems on *state lands*." (Emphasis added.) Because DRED had not yet purchased the Berlin tract at the time of the trial court proceedings, the trial court concluded that the property was not "state land" and, thus, the provision did not apply. We agree; the statutory language is clear. Furthermore, while the State must engage in testing and evaluation of targeted land prior to establishing trails, *see* RSA 215-A:42; :43, the trial court concluded that the State "will undoubtedly have information to provide the public if and when it seeks to construct ATV trails in the proposed ATV park." We conclude that the trial court did not err by denying injunctive relief because at the time of ATV's Right-to-Know petition, the State did not own the Berlin land.

■ Regarding ATV's request for injunctive relief under the Right-to-Know Law, ATV argues that the trial court erred in failing to require DRED to keep sufficient documentation of its activities. While asserting that DRED should have kept or prepared more records than it did when it

was considering whether to purchase the Berlin land, ATV fails to identify any particular legal requirement mandating that specific documents be created for record keeping by DRED or what those documents might be. It is not disputed that DRED disclosed, albeit later than it should have in some instances, many documents relating to the then-pending purchase of the Berlin tract, and thus kept records of the pending transaction. Without some standard by which the trial court could measure the adequacy of DRED's record keeping, a standard not identified by ATV, ATV's request would require the courts to construct one. The creation of such a standard is best left to the legislature. We therefore conclude that ATV has failed to demonstrate that the trial court unsustainably exercised its discretion by dismissing ATV's request for injunctive relief.

## IV

Next, we turn to the question of costs. The trial court refused to order such an award because it concluded that "there was not a knowing violation." It found that DRED responded to ATV's requests "in a reasonable manner" and that DRED's reliance upon *Perras* for withholding certain documents was "reasonable." We conclude that the trial court applied an erroneous legal standard for assessing costs.

■ The Right-to-Know Law remedy provision provides in pertinent part:

> If any body or agency or employee or member thereof, in violation of the provisions of this chapter, refuses to provide a public record . . . such body, agency, or person shall be liable for *reasonable attorney's fees and costs* incurred in a lawsuit under this chapter provided that the court finds that such lawsuit was necessary in order to make the information available . . . . *Fees* shall not be awarded unless the court finds that the body, agency or person knew or should have known that the conduct engaged in was a violation of this chapter or where the parties, by agreement, provide that no such fees shall be paid.

RSA 91-A:8, I (emphasis added). Thus, if DRED violated the Right-to-Know Law, ATV is entitled to costs if DRED refused to provide a public record and a lawsuit was necessary in order to make the information available. Establishing that the agency "knew or should have known" that its refusal constituted a Right-to-Know Law violation is required for an award of legal fees, but not for costs. The trial court, therefore, erred in

considering whether DRED's conduct was "reasonable" or whether it committed a "knowing" violation when rejecting ATV's request for costs. Accordingly, we vacate the trial court's denial of costs in this matter. However, because ATV's request for costs remains viable only if DRED violated the Right-to-Know Law, we must review the merits of the parties' arguments concerning DRED's delayed disclosure of category-one documents and retention of category-two documents.

Regarding category-one documents, ATV argues that the trial court applied an incorrect legal standard and thus erred in ruling that DRED's delay in disclosure did not violate the Right-to-Know Law. We agree.

DRED acknowledged before the trial court that it had failed to comply with the Right-to-Know Law when disclosing certain public documents. With respect to some of these documents, the trial court found that "although DRED did not respond within the statutory time period, it did respond with reasonable speed," and thus, while "in technical violation of the statute, some violations were not its fault and others were harmless." Regarding other documents, the trial court found that DRED's delay was due to "an oversight," and thus, "[a]lthough DRED may have technically violated the statute, [the] violation [did] not prejudice[] the petitioner." The trial court dismissed the portions of ATV's Right-to-Know petition related to these documents.

The Right-to-Know Law provides that:

> Each public body or agency *shall*, upon request for any public record reasonably described, make available for inspection and copying any such public record within its files when such records are immediately available for such release. If a public body or agency is unable to make a public record available for immediate inspection and copying, it *shall*, within 5 business days of request, make such record available, deny the request in writing with reasons, or furnish written acknowledgment of the receipt of the request and a statement of the time reasonably necessary to determine whether the request shall be granted or denied.

RSA 91-A:4, IV (emphasis added). The time period for responding to a Right-to-Know request is absolute. The statute mandates that an agency make public records available when they are immediately available for release, or otherwise, it must *within five business days of the Right-to-Know request*: (1) make the records available; (2) deny the request in writing with reasons; or (3) acknowledge receipt of the request in writing with a statement of the time reasonably necessary to determine whether

the request will be granted or denied. The plain language of the provision does not allow for consideration of the factors applied by the trial court, such as "reasonable speed," "oversight," "fault," "harm," or "prejudice." Accordingly, because DRED violated the Right-to-Know Law by its delayed disclosure, we vacate the trial court's ruling and remand for the trial court to determine whether ATV's lawsuit was necessary to make the category-one documents available.

With respect to the category-two documents, ATV seeks a ruling that DRED erroneously relied upon certain Right-to-Know Law exemptions and *Perras* to retain the documents. DRED, as well, seeks guidance as to whether it may rely upon *Perras* to withhold documents, such as a property appraisal, while a land purchase is pending. We decline to provide such guidance.

As an initial matter, it was error for the trial court to dismiss as moot the remaining portions of ATV's Right-to-Know petition pertaining to the intentionally withheld documents. If DRED's conduct was unlawful, ATV may be entitled to a remedy despite DRED's ultimate release of the documents. On the record before us, however, we decline to rule as a matter of law upon the lawfulness of DRED's conduct.

The trial court never issued a decision upon the merits concerning the lawfulness of DRED's retention of documents pursuant to a statutory exemption or *Perras*. In its April 2005 order, the trial court stated at one point that "the Court does not find that the facts of this case fit the *Perras* analysis." It explained, however, that it "lack[ed] sufficient information about the transaction . . . to know whether the RSA 91-A:5, IV exemption for 'confidential, commercial, or financial information' appli[ed]," that it could not "on the information provided, render a determination as to the application of *Perras*," and that it was "not clear that [other withheld documents were] protected by the exemptions in RSA 91-A:5, VIII and IX." The trial court then ordered further briefing. While the parties submitted briefs, DRED ultimately released the documents. The trial court then dismissed the remaining requests in the petition as moot and did not render a decision on the merits concerning the application of the statutory exemptions and *Perras*. Therefore, on remand, the trial court should determine whether DRED violated the Right-to-Know Law by its nondisclosure of the category-two documents and, if so, whether the lawsuit was necessary to secure their disclosure, which would entitle ATV to an award of costs.

## V

We conclude by considering ATV's request for attorney's fees. The trial court found that an award of attorney's fees was "not appropriate," presumably because ATV had represented itself *pro se*, and thus incurred no legal fees. ATV does not challenge this ruling. Instead, ATV argues that we should make an award to cover the attorney's fees it incurred on appeal. We decline to do so.

■ RSA 91-A:8, I; requires an award of attorney's fees if the Right-to-Know Law is violated and: (1) the lawsuit was necessary to make public information available; and (2) the body, agency, or person knew or should have known that the conduct engaged in was a violation of RSA chapter 91-A. *WMUR*, 154 N.H. at 50. A technical reading of the remedy provision could lead to the conclusion that ATV's attorney's fees, while related only to the appeal, were nevertheless "incurred in a lawsuit ... that ... was necessary in order to make the [requested] information available." RSA 91-A:8, I. Some of the documents sought in this case were released by DRED after ATV filed its Right-to-Know petition. Thus, it is arguable that the lawsuit, which could reasonably be described as consisting of both the petition in the superior court plus the appeal here, was, in its initial stage, the catalyst for disclosure. However, it is undisputed that ATV was not represented by counsel until after DRED disclosed all the documents to which ATV was entitled. Thus, the fees generated by ATV's appeal have not resulted in the disclosure of a single document. The plain language of the statute indicates that the legislature intended for a petitioning party to recover attorney's fees when retention of legal counsel is necessary to secure access to public documents. As a matter of law, legal counsel could not have been necessary to secure access to public documents in this case because ATV had been given all the documents to which it was entitled before ATV retained counsel. In other words, no part of this lawsuit conducted after ATV retained counsel was necessary to make public documents available. While there may be cases in which an award of appellate counsel fees is warranted under RSA 91-A:8, I, this is not one of them.

## VI

In sum, we deny ATV's request for appellate counsel fees and affirm the trial court's denial of injunctive relief. We vacate the trial court's denial of costs, as well as its ruling that DRED did not violate the Right-to-Know Law in its delayed disclosure of category-one documents. We remand for the trial court to consider costs and, to the extent necessary, the

lawfulness of DRED's conduct in its delayed disclosure and retention of documents.

*Affirmed in part; vacated in part; and remanded; request for attorney's fees denied.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.