NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Grafton
Case No. 2022-0328
Citation: Michaud v. Town of Campton Police Dep't, 2024 N.H. 19

KENNETH T. MICHAUD

v.

TOWN OF CAMPTON POLICE DEPARTMENT

Submitted: April 25, 2023
Opinion Issued: April 18, 2024

Kenneth T. Michaud, self-represented party, on the brief.

Drummond Woodsum & MacMahon, of Manchester (Shawn M. Tanguay on the brief), for the defendant.

BASSETT, J.

[¶1] The plaintiff, Kenneth Michaud, appeals an order of the Superior Court (Bornstein, J.) denying his motion to compel production of records responsive to his Right-to-Know request and his request for attorney's fees and costs under the Right-to-Know Law. See RSA ch. 91-A (2023 & Supp. 2023). The plaintiff argues that the trial court erred when it ruled that the defendant's, the Town of Campton Police Department's (Town), categorical

denial of his Right-to-Know request did not violate the Right-to-Know Law, and when it denied his request for attorney's fees and costs. We reverse in part, vacate in part, and remand.

[¶2] The record supports the following facts. In January 2021, the plaintiff submitted a Right-to-Know request to the Town seeking certain records pertaining to him, his address, or any member of his household. The Town denied his request, asserting that, based on similarities between the request and a motion for discovery filed by the plaintiff in a separate litigation between the parties, the request constituted "a veiled effort to circumvent the discovery process" in that pending litigation and was therefore an impermissible use of the Right-to-Know Law.

[¶3] In June 2021, the plaintiff filed suit against the Town in superior court to obtain access to the requested records. See RSA 91-A:7, I (2023). At a hearing in October 2021, the Town reiterated its justification for the denial: based on the timing and content of the request, the request constituted an improper "effort to . . . circumvent discovery or at least to supplement discovery" in the other matter. In response to questioning by the court, the Town conceded that it had not "undertaken a[n] evaluation of the request and materials to determine what, if anything, is exempt under the statute as opposed to the overarching objection that" the materials are "not producible."

[¶4] The court then sua sponte raised the possibility of staying the Right-to-Know suit until the separate litigation reached a resolution, at which point the Town would "undertake[] its review of the request" under RSA 91-A:4 and :5. See RSA 91-A:4 (2023) (setting forth statutory right of public access to governmental records); RSA 91-A:5 (2023) (listing governmental records exempted from disclosure). Although the Town stated no objection to that approach, the plaintiff "vehemently object[ed]." He argued that New Hampshire law prohibits a party from using the Right-to-Know Law to obtain privileged information that could not be obtained in discovery, but otherwise does not restrict a litigant's access to public records. He contended that the Town violated the Right-to-Know Law in the first instance by failing to review the materials responsive to his request and to determine if the materials were privileged and not subject to disclosure.

[¶5] Following the hearing, the court stayed the proceedings until the resolution of the parties' other pending litigation. In January 2022, the court held a status conference at which the plaintiff confirmed that a decision had been rendered in the other litigation and that it had not been appealed. The court then ordered the Town to "fully respond to the plaintiff's RSA chapter 91-A requests" and established deadlines by which the parties could file supplemental pleadings if necessary.

2

[¶6] Subsequently, the Town provided the plaintiff with documents responsive to his request. The plaintiff filed a motion to compel, claiming that the Town had not produced all records responsive to his Right-to-Know request. The court denied the plaintiff's motion. The court found that the Town had timely complied with the court's January 2022 order to produce records responsive to the request and to identify exemptions justifying any withheld or redacted records. The court also found that the withheld records were either already in the plaintiff's possession or were exempted from disclosure under RSA 91-A:5. Ultimately, the court concluded that the Town "ha[d] not violated any provision of RSA chapter 91-A." It also denied the plaintiff's request for attorney's fees and costs because "the lawsuit was not necessary in order to enforce the [Town's] compliance" with the Right-to-Know Law. See RSA 91-A:8, I (2023). The plaintiff unsuccessfully moved for reconsideration, and this appeal followed.

[¶7] On appeal, the plaintiff argues that the trial court erred when it concluded that the Town had not violated any provision of the Right-to-Know Law and when it denied his request for attorney's fees and costs. On the first issue, the plaintiff asserts that the Town violated the Right-to-Know Law when it initially categorically denied his request based on its position that he was attempting to circumvent discovery in the other matter. He asserts that his motive in seeking the records is irrelevant and that New Hampshire law prohibits the use of the Right-to-Know Law to circumvent discovery only in the limited sense that the law cannot be used "to obtain information that would be privileged or prohibited from disclosure by a court's discovery rules." The Town counters that its initial denial was reasonable and lawful. It asserts, relying on New Hampshire Right to Life v. Director, New Hampshire Charitable Trusts Unit, 169 N.H. 95 (2016), and related federal case law, that the Right-to-Know Law cannot be used as a discovery tool to circumvent or supplement discovery in criminal or civil cases. We agree with the plaintiff.

[¶8] The purpose of the Right-to-Know Law "is to ensure both the greatest possible public access to the actions, discussions and records of all public bodies, and their accountability to the people." RSA 91-A:1 (2023). The statute furthers our state constitutional requirement that the public's right of access to governmental proceedings and records shall not be unreasonably restricted. Censabella v. Hillsborough Cnty. Attorney, 171 N.H. 424, 426 (2018). Although the statute does not provide for unrestricted access to public records, we resolve questions regarding the Right-to-Know Law with a view to providing the utmost information in order to best effectuate these statutory and constitutional objectives. N.H. Right to Life, 169 N.H. at 103. As a result, we broadly construe provisions favoring disclosure and interpret the exemptions restrictively. Id. We also look to the decisions of other jurisdictions interpreting similar acts for guidance, including federal interpretations of the federal Freedom of Information Act (FOIA). Id.

3

[¶9] Under the Right-to-Know Law, "[e]very citizen" has a right to inspect and copy governmental records except as otherwise prohibited by statute or RSA 91-A:5. RSA 91-A:4, I. The statute requires public bodies and agencies to make such governmental records available upon request. See RSA 91-A:4, IV. When a public entity seeks to avoid disclosure of material under this law, that entity bears a heavy burden to shift the balance toward nondisclosure. N.H. Right to Life, 169 N.H. at 103. We review the trial court's interpretation of the law and its application of the law to undisputed facts de novo. See id.

[¶10] The Town initially denied the plaintiff's Right-to-Know request — without first reviewing the records responsive to that request — on the basis that the plaintiff was using it to circumvent or supplement discovery in another pending litigation. In support, it cited our "concern[]" expressed in New Hampshire Right to Life "that the Right-to-Know Law could be used to circumvent . . . discovery rules." N.H. Right to Life, 169 N.H. at 106. Thus, in effect, the Town asserted that New Hampshire Right to Life establishes a categorical exemption to the Right-to-Know Law that applies when the requester's motive in seeking governmental records is to circumvent or supplement the discovery process in another pending litigation. The trial court ruled that, in doing so, the Town "ha[d] not violated any provision of RSA chapter 91-A." See State v. Surrell, 171 N.H. 82, 88 (2018) ("The interpretation of a trial court order presents a question of law for us to decide."). That was error.

[¶11] It is well-established that "[t]he requester's motives in seeking disclosure are irrelevant to the question of access." Censabella, 171 N.H. at 427; accord, e.g., Union Leader Corp. v. City of Nashua, 141 N.H. 473, 476 (1996) (describing trial court's consideration of the requester's motives as "inconsistent" with the purposes of the Right-to-Know Law). And once records are disclosed, "[t]here are no restrictions on the use of the records." Censabella, 171 N.H. at 427. "As a general rule, if the information is subject to disclosure, it belongs to all." Id. (quotation omitted). The authorities the Town relies upon do not provide an applicable exception to these principles.

[¶12] We first examine New Hampshire Right to Life, which the Town relied upon in its initial denial as well as in its appellate brief. In that case, the plaintiffs sought records pertaining to reproductive health centers and "buffer zones" around such centers. See N.H. Right to Life, 169 N.H. at 101. The State responded to the plaintiffs' request by producing some documents and redacting or withholding others because they contained information exempted from disclosure under RSA 91-A:5, IV. Id.; see RSA 91-A:5, IV (exempting from disclosure records pertaining to "confidential, commercial, or financial information"). Specifically, the State withheld some of the records as confidential attorney work product related to a lawsuit pending in federal court. See N.H. Right to Life, 169 N.H. at 104-05.

4

[¶13] In analyzing whether the State properly withheld the materials, we looked to federal law applicable under an analogous FOIA exemption for guidance. See id. at 105-06. The relevant FOIA exemption prohibits disclosure of "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (2018) (FOIA exemption 5); see N.H. Right to Life, 169 N.H. at 106 (relying on FTC v. Grolier Inc., 462 U.S. 19, 26-27 (1983), which involved interpretation of 5 U.S.C. § 552(b)(5)). The test under FOIA exemption 5 "'is whether the documents would be routinely or normally disclosed upon a showing of relevance.'" N.H. Right to Life, 169 N.H. at 106 (quoting FTC, 462 U.S. at 26). In other words, if the records would not routinely be disclosed in discovery upon a showing of relevance, they are exempt from disclosure. See id. We explained that the purpose behind the federal rule is to prevent FOIA from being used to circumvent civil discovery rules. Id.; see also United States v. Weber Aircraft Corp., 465 U.S. 792, 801 (1984) (explaining that a party cannot "obtain through . . . FOIA material that is normally privileged" because such an outcome would "create an anomaly in that FOIA could be used to supplement civil discovery").

[¶14] Because we shared a similar concern "that the Right-to-Know Law could be used to circumvent civil discovery rules," N.H. Right to Life, 169 N.H. at 106, we adopted this federal test under the Right-to-Know Law's exemption for "confidential" information as applied to attorney work product, see id. at 103-06. Applying this test, we held that, because documents constituting attorney work product are not routinely disclosed in discovery upon a showing of relevance, the records at issue were exempt from disclosure under the Right-to-Know Law. See id. at 106.[1]

[¶15] Although in New Hampshire Right to Life we voiced a concern that the Right-to-Know Law should not be used to circumvent civil discovery rules, the Town reads too much into that statement and does not fully appreciate its meaning in the context of that case or related federal case law. Our holding in New Hampshire Right to Life did not establish a blanket exemption that can be asserted based on the requester's intent to use a Right-to-Know request to circumvent discovery in another matter. See id. at 104-06. Rather, there, we adopted the specific test outlined above to be applied to materials claimed to be exempt as confidential attorney work product. See id. Instead of focusing on the requester's motive, this test assesses whether the disclosure of the requested records would in effect circumvent discovery limitations by releasing documents that would not be subject to routine disclosure upon a showing of relevance in other litigation. See id.

---

[1] The legislature subsequently amended RSA 91-A:5 to add a specific exemption for "[r]ecords protected under the attorney-client privilege or the attorney work product doctrine." RSA 91-A:5, XII (2023); see Laws 2021, 163:2.

5

[¶16] Notably, in New Hampshire Right to Life, the State did not assert a blanket denial of the plaintiffs' request.  See id. at 101.  Instead, the State produced some responsive documents and withheld or redacted others pursuant to a specific statutory exemption — indicating that it had compiled and reviewed records responsive to the plaintiffs' request before replying to that request.  See id.  Thus, New Hampshire Right to Life does not support the Town's initial blanket denial of the plaintiff's Right-to-Know request based on his alleged motivation.

[¶17] Nor does federal law.  We agree with the Town that it is clearly established under federal law that FOIA was not intended to serve as a tool to circumvent or supplement discovery.  See, e.g., Weber Aircraft Corp., 465 U.S. at 801 (collecting cases regarding civil discovery); U.S. Dep't of Justice, Guide to the Freedom of Information Act, Exemption 5, at 52-54 (explaining that FOIA exemption covering attorney work product extends to civil, administrative, and criminal proceedings and collecting cases in support) (2023 ed.), available at https://www.justice.gov/oip/page/file/1573681/dl?inline#page=52 (last visited April 10, 2024).  However, the Town again relies too heavily on this broad statement.

[¶18] Under federal law, "[a]s a general rule, withholding information under FOIA cannot be predicated on the identity of the requester."  National Archives and Records Admin. v. Favish, 541 U.S. 157, 170 (2004).  The fact that a citizen may have an interest in governmental records in relation to ongoing litigation "neither increase[s] nor decrease[s]" the person's right of access.  NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 143 n.10 (1975) (emphasis added); accord NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 & n.23 (1978).  Because "FOIA rights are unaffected by the requester's involvement in other litigation," an individual may "obtain under FOIA information that may be useful in non-FOIA litigation."  North v. Walsh, 881 F.2d 1088, 1099 (D.C. Cir. 1989).

[¶19] The limitation on this principle under federal law is: a citizen cannot use a FOIA request or suit to circumvent or supplement the discovery process in another litigation (or to obtain materials in the absence of such a litigation) if the materials at issue are not routinely discoverable in non-FOIA litigation involving the agency.  See Weber Aircraft Corp., 465 U.S. at 801-02 & n.20; FTC, 462 U.S. at 26-28; Robbins Tire & Rubber Co., 437 U.S. at 241-43; Martin v. Office of Special Counsel, MSPB, 819 F.2d 1181, 1184, 1187 (D.C. Cir. 1987) (concluding that, because witness statements and attorney interview notes were privileged and not routinely discoverable, they were exempt from disclosure under FOIA).  To determine whether the requested records meet this test, the government generally must first review the records responsive to the request and then assert the applicable exemption.  See, e.g., State of Maine v. U.S. Dept. of Interior, 298 F.3d 60, 64 (1st Cir. 2002) (government responded to FOIA request by releasing 1400 documents and withholding 308 documents

6

as exempted under FOIA exemption 5); Kanter v. Internal Revenue Service, 433 F. Supp. 812, 816-17 (N.D. Ill. 1977) (explaining that applicability of exemption is not determined by identity of plaintiff, label given to the record, or whether the record will aid in another litigation; the sole analysis is "whether the exemption applies to the documents in question" (quotation omitted)).

[¶20] The Town has not cited, nor have we found, any New Hampshire or federal precedent that supports a blanket denial of a request based on the requester's participation in litigation with the public body or motive to circumvent or supplement discovery in another matter. Nor are we convinced by the Town's reliance on case law from neighboring state jurisdictions. We find that authority unpersuasive because the language of the relevant exemptions to the public access laws in those states is substantially different from the language of the Right-to-Know Law. Compare RSA 91-A:5, with Vt. Stat. Ann. tit. 1, § 317(c)(14) (2015), and Me. Rev. Stat. Ann. tit. 1, § 402(3)(B) (2016).

[¶21] Given the above precedent, we conclude that the Town violated the Right-to-Know Law by categorically denying the plaintiff's request based on his motive and without first reviewing the records responsive to the request and determining which records, if any, should have been withheld or redacted because their disclosure was "otherwise prohibited by statute or RSA 91-A:5." RSA 91-A:4, I. To the extent that the Town urges us to adopt a new rule that authorizes public bodies to issue a blanket denial of Right-to-Know requests from parties to civil or criminal litigation involving that public body, that argument is better made before the legislature. See Colquhoun v. City of Nashua, 175 N.H. 474, 484-85 (2022) (observing that whether certain changes should be made to the Right-to-Know Law was "an issue best addressed in the first instance by the legislature").

[¶22] Having concluded that the Town's initial response violated the Right-to-Know Law, we turn to the issue of attorney's fees and costs. RSA 91-A:8 governs remedies for violations of the Right-to-Know Law. RSA 91-A:8. Under RSA 91-A:8, I, reasonable attorney's fees shall be awarded to a plaintiff if the trial court finds that: (1) "such lawsuit was necessary in order to enforce compliance with the provisions of" RSA chapter 91-A; and (2) "the public body, public agency, or person knew or should have known that the conduct engaged in was in violation of" RSA chapter 91-A. RSA 91-A:8, I. Costs shall be awarded upon the trial court's finding of the first element listed above. See id.; ATV Watch v. N.H. Dep't of Resources & Econ. Dev., 155 N.H. 434, 439 (2007). We defer to the trial court's findings of fact unless they are unsupported by the evidence or erroneous as a matter of law. N.H. Right to Life, 169 N.H. at 126.

[¶23] The trial court found that the plaintiff's "lawsuit was not necessary in order to enforce the defendant's compliance" with the Right-to-Know Law. However, given that the trial court erred in ruling that the Town's initial denial

was lawful, we cannot conclude that this error did not taint the trial court's reasoning on the attorney's fees and costs issue.  Nor can we determine whether the court would have reached the same conclusion absent its error.  We therefore vacate the trial court's attorney's fees and costs ruling and remand.  See Stowell v. Andrews, 171 N.H. 289, 304 (2018) (vacating trial court's ruling "[b]ecause we [could] not determine whether the trial court would have reached the same decision" absent its error).  To award attorney's fees on remand, the trial court must find that the lawsuit was "necessary in order to enforce compliance with" the Right-to-Know Law and that the Town "knew or should have known" that its conduct violated the Right-to-Know Law.  RSA 91-A:8, I.

[¶24] In sum, we reverse the trial court's ruling that the Town's initial denial of the Right-to-Know request was lawful.  We also vacate the trial court's denial of the plaintiff's request for attorney's fees and costs and remand for further proceedings.  Any issues raised in the notice of appeal, but not briefed, are deemed waived.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Reversed in part; vacated in part; and remanded.

HANTZ MARCONI and DONOVAN, JJ., concurred; MACDONALD, C.J., concurred in part and dissented in part; HICKS, J., did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

MACDONALD, C.J., concurring in part and dissenting in part.

[¶25] I agree with the majority's conclusion on the merits: the trial court erred when it endorsed the Town's initial categorical denial of the plaintiff's Right-to-Know request.  However, I disagree with the majority's decision to vacate and remand on the issue of attorney's fees and costs.  In my view, the conclusion that the plaintiff is entitled to an award of reasonable attorney's fees and costs flows directly from the majority's merits analysis.  Accordingly, I respectfully dissent from the majority's decision on attorney's fees and costs.

[¶26] The ability to obtain an award of attorney's fees in a Right-to-Know Law case "is critical to securing the rights guaranteed by the statute." Colquhoun v. City of Nashua, 175 N.H. 474, 484 (2022) (quotation omitted). "Without this provision, the statute would often be a dead letter, for the cost of enforcing compliance would generally exceed the value of the benefit gained." Id. (quotation omitted).  RSA 91-A:8, I (2023) provides that fees shall be awarded if the trial court finds that the lawsuit "was necessary in order to enforce compliance with the provisions" of the Right-to-Know Law and that the public body "knew or should have known that" its conduct violated the statute. See also Colquhoun, 175 N.H. at 478-79.  Similarly, costs shall be awarded upon a finding of the first criterion above — that the suit was necessary to

8

enforce compliance with the statute. RSA 91-A:8, I. Based upon the record and the applicable law, the plaintiff has satisfied both criteria and is therefore entitled to an award of reasonable attorney's fees and costs.

[¶27] The trial court found that the plaintiff's "lawsuit was not necessary in order to enforce the defendant's compliance" with the Right-to-Know Law. This finding is unsupported by the record. See N.H. Right to Life v. Dir., N.H. Charitable Trusts Unit, 169 N.H. 95, 126 (2016) ("We will defer to the trial court's findings of fact unless they are unsupported by the evidence or erroneous as a matter of law."). The record demonstrates that the Town would not have complied with the statute absent the suit.

[¶28] The Town issued a blanket denial of the plaintiff's request based on its determination of the plaintiff's motivation and its reliance on New Hampshire Right to Life, which it characterized as "prevent[ing] a litigant from seeking information from a municipality, by and through RSA 91-A, in an effort to avoid the discovery process as set out in court rules." As explained by the majority, this response was not supported by New Hampshire or federal law. The plaintiff's attorney responded to the Town by letter and employed reasoning strikingly similar to that relied upon in the majority's merits analysis to support the validity of the plaintiff's request. The Town nevertheless failed to respond, and the plaintiff filed suit in June 2021. The Town subsequently conceded before the trial court that it had not reviewed any documents responsive to the plaintiff's request prior to issuing the blanket denial. Ultimately, the Town did not produce any documents responsive to the plaintiff's request until after it was ordered to do so by the trial court in January 2022 — approximately one year after the plaintiff's initial request and approximately six months after he filed suit. See RSA 91-A:4, IV(a)-(b) (2023) (providing that, where possible, governmental records should be made "immediately available" for inspection). Viewing these facts in the context of the law articulated by the majority, I would hold that the plaintiff's lawsuit was plainly necessary to enforce the Town's compliance with the Right-to-Know Law.

[¶29] It is also clear, based on the law set forth by the majority, that the Town "should have known" that its initial denial violated the Right-to-Know Law. Colquhoun, 175 N.H. at 479. The Town denied the plaintiff's request because his "motive[]" in seeking the records was "to possibly assist" him in a separate litigation involving the Town. In fact, the Town indicated that, if the plaintiff provided "further explanation or clarification of the intent behind" the request, it might reconsider the denial. The Town argues on appeal that this response was consistent with New Hampshire Right to Life, federal law, and analogous state law, but, even if it was not, "the clear lack of any definitive legal precedent[] to the contrary of the Town's decision" precludes the conclusion that it "should have known" it violated the statute.

[¶30] To the contrary, we have long held that "[t]he requester's motives in seeking disclosure are irrelevant to the question of access." Censabella v. Hillsborough Cnty. Attorney, 171 N.H. 424, 427 (2018); accord Mans v. Lebanon School Bd., 112 N.H. 160, 162 (1972) ("Plaintiff's rights under [the Right-to-Know Law] do not depend upon his demonstrating a need for the information."). As explained by the majority, New Hampshire Right to Life did not disrupt this rule or establish an exception to it, and neither federal nor analogous state law provides support for the Town's position. Given the longstanding rule that a citizen's motives are irrelevant under the Right-to-Know Law and the limited nature of our holding in New Hampshire Right to Life, the Town should have known that its blanket denial of the plaintiff's request on the basis of his motive was not justified. See Colquhoun, 175 N.H. at 481 (concluding that city should have known its conduct violated the statute because none of the case law it relied upon supported its "blanket refusal to provide any documents in response to the plaintiff's request").

[¶31] For the foregoing reasons, remand to the trial court to determine whether the plaintiff is entitled to attorney's fees and costs under RSA 91-A:8, I, is unnecessary. I would reverse the trial court's denial of attorney's fees and costs and remand for an award to the plaintiff of his reasonable attorney's fees and costs. See ATV Watch v. N.H. Dep't of Resources & Econ. Dev., 155 N.H. 434, 442 (2007) (explaining that attorney's fees provision of Right-to-Know Law is intended to apply "when retention of legal counsel is necessary to secure access to public documents"). Therefore, although I concur on the merits, I respectfully dissent from the attorney's fees and costs portion of the majority's decision.

10